IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEORGE BLUNT and : CIVIL ACTION - LAW
LORETTA BLUNT, his wife :
    v. :
BOYD GAMING CORPORATION :
    and :
JOSEPH A. CORBO, JR. :
    and : 08 0285
MARINE DISTRICT DEVELOPMENT :
COMPANY, LLC t/a :
BORGATA CASINO :
    and :
WILLIAM FRESE :

## NOTICE OF REMOVAL

Defendants Boyd Gaming Corporation, Joseph A. Corbo, Jr., Marina District

Development Co., LLC, incorrectly designated as Marine District Development

Company, LLC t/a Borgata Casino, and William Frese, by their counsel, RYAN,

BROWN, McDONNELL, BERGER & GIBBONS, P.C., hereby submit this Notice of

Removal and it support thereof state as follows:

1.     This action, originally filed in the Court of Common Pleas, Delaware

County, Docket No. 07-015980, stems from an alleged January 6, 2007 altercation.

A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit "A."

2.     Plaintiffs filed this litigation in the Court of Common Pleas of

Delaware County, Pennsylvania as a major jury lawsuit and requested damages in

excess of $50,000, in addition to punitive damages.  See Exhibit "A."

3.     In the Complaint Plaintiff George Blunt alleges that he has in the past and will in the future experience injuries to his nerves and nervous system with severe and painful physical manifestations of same, a complete mental breakdown, mental anguish, severe emotional distress, pain and suffering, and loss of the enjoyment of life and life's pleasures.  See Exhibit "A" at paragraph 38.

4.     Plaintiff George Blunt also alleges that he has in the past and will in the future be prevented from attending to his usual and daily duties which has resulted in a loss of earnings and earning capacity.  See Exhibit "A" at paragraph 39.

5.     Plaintiff George Blunt further alleges that he "has in the past and will in the future be obliged to expend large and divers[stet] sums of money on medicine and medical care in an effort to cure and treat himself of as aforesaid [stet] of illness and infirmities inflicted upon him."See Exhibit "A" at paragraph 40.

6.     Jurisdiction is proper under 28 U.S.C.A. §1332, as Plaintiffs are citizens of Pennsylvania, Defendant Boyd Gaming Corporation is a Nevada corporation with a principal place of business in Nevada, defendant Joseph Corbo is a citizen of New Jersey, defendant Marina District Development Company, LLC, incorrectly designated as Marine District Development Company, LLC is a limited liability corporation incorporated in New Jersey with a principal place of business in New Jersey, defendant William Frese is a citizen of New Jersey and, upon information and belief, Plaintiffs' alleged damages are in excess of $75,000.

7.     Plaintiffs instituted this lawsuit by filing a Complaint on October 7, 2005.  Defendant was served on or about December 20, 2007.

8.     This Notice of Removal has been timely filed promptly after Defendants, through counsel, learned of the nature and extent of the alleged damages, and this case should be removed to the United States District Court for the Eastern District of Pennsylvania.

WHEREFORE, Defendants Boyd Gaming Corporation, Joseph A. Corbo, Jr., Marina District Development Co., LLC, incorrectly designated as Marine District Development Company, LLC t/a Borgata Casino, and William Frese, respectfully request that Plaintiffs' action be removed to this Court.

Respectfully submitted,

RYAN, BROWN, McDONNELL,
BERGER & GIBBONS, P.C.

By_____
        Mitchell S. Berger
        Attorney for Defendants

1600 Market Street, 14th Floor
Philadelphia, PA   19103-7240
(215) 564-3800
(215) 564-1301 (Fax)
berger@ryanbrown.com.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Notice of Removal was forwarded by

US Mail, postage prepaid to:

John M. Hickey, Esquire
Hickey Law Offices
8 East Second Street
Media, PA 19063


RYAN, BROWN, McDONNELL,
BERGER & GIBBONS, P.C.

By_____
Mitchell S. Berger

Dated: January 16, 2008

# Exhibit "A"

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA

| | |
|---|---|
| George Blunt and<br>Loretta Blunt, his wife | : |
| | : |
| | : **CIVIL ACTION-LAW** |
| | : |
| Boyd Gaming Corporation | : 07- **15980** |
| & | : |
| | : **JURY TRIAL DEMANDED** |
| | : |
| Joseph A. Corbo, Jr. | : |
| | : |
| & | : |
| | : |
| Marine District Development | : |
| Company, LLC | : |
| t/a Borgata Casino | : |
| | : |
| & | : |
| | : |
| William Frese | : |

*(stamp: FILED 2007 DEC 21 AM OFFICE OF JUDICIAL SUPPORT DELAWARE CO.)*

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and the Court without further notice may enter a judgment against you for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO:**

**LAWYER'S REFERENCE SERVICE**
**FRONT AND LEMON STREETS**
**MEDIA, PA 19063**
**(610) 566-6625**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) idas de plazo al partir de la fecha de la escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas os sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la court tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademans, la corte puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes par usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATEMENTE SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAMA POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA EVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. SERVICIO DE REFERENCIA LEGAL, FRONT AND LEMON STREETS, MEDIA, PENNSYLVANIA, 19063, (610) 566-6625.

**JOHN M. HICKEY, ESQUIRE**
**ATTORNEY I.D. 08793**
**8 EAST SECOND STREET**
**MEDIA, PA 19063**
**610-565-0101**                                    **ATTORNEY FOR PLAINTIFFS**

---

## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA

| | |
|---|---|
| George Blunt and | : |
| Loretta Blunt, his wife | : |
| | : |
|     v. | : |
| | : |
| Boyd Gaming Corporation | : |
| | : |
|    & | : |
| | : |
| Joseph A. Corbo, Jr. | : |
| | : |
|    & | : |
| | : |
| Marine District Development | : |
| Company, LLC | : |
| t/a Borgata Casino | : |
| | : |
|    & | : |
| | : |
| William Frese | : |

**CIVIL ACTION-LAW**

**07-**

**JURY TRIAL DEMANDED**

---

## COMPLAINT

1. The plaintiffs are George Blunt and Loretta Blunt, individuals, husband

and wife who reside at 230 Walnut Street, Morton, Delaware County,

Pennsylvania 19070.

2. The defendant Boyd Gaming Corporation (hereinafter referred to as "Boyd") is a corporation maintaining an office at 2950 Industrial Road, Las Vegas, Nevada from which Boyd operates (among eighteen other similar entities), the defendant Marine District Development Company LLC. Boyd is also registered as a business corporation with the Commonwealth of Pennsylvania.

3. The defendant Joseph A. Corbo Jr. (hereinafter referred to as "Corbo") is an individual who at all times hereinafter alluded, was the agent, servant, workman and/or employee of the defendant Boyd and of the defendant Marine District Development Company LLC. Defendant Corbo has an office at One Borgata Way, Atlantic City, New Jersey 08401. Defendant Corbo was the Vice President and General Counsel of the defendant Marine District Development Company LLC. At all times hereinafter alluded Corbo was acting in the course of his employment and scope of his business on behalf Boyd and defendant Marine District Development Company LLC.

4. The defendant Marine District Development Company LLC (hereinafter referred to as "MDDC") is an entity registered in New Jersey but entirely controlled by defendant Boyd. Defendant MDDC operates, as the agent, servant, workman and/or employee of the defendant Boyd, the Borgata Casino located at One Borgata Way, Atlantic City, New Jersey 08401 and at all times hereinafter alluded to was operating the Borgata in the scope of its employment and scope of its business of the defendant Boyd. The defendant MDDC was formed as a legal entity by Boyd solely to operate, as specified above, the Borgata Casino.

5. The defendant William Frese (hereinafter referred to as "Frese") at all times alluded to in this complaint was the Risk Manager of the defendant MDDC and at all times alluded to in this complaint was the agent, servant, workman and/or employee of the defendant Boyd and the defendant MDDC, and acted, at all times alluded, in the scope of his business and course of his employment. Defendant William Frese has an office located at One Borgata Way, Atlantic City, New Jersey 08401.

6. Jurisdiction of this action is in Pennsylvania in that Borgata Casino, located in Atlantic City, New Jersey solicits through advertising and other

business protocols business invitees who are Pennsylvania residents to use their facility, the Borgata Casino. In fact as a result of such multiple and on going contacts in Pennsylvania, a large portion, if not the majority of the Borgata customers, are  Pennsylvania citizens and  as such all defendants were a doing business in Pennsylvania. The defendants Corbo and Frese are officers or employees of aforesaid Boyd and MDDC who operated and controlled the Borgata. In addition thereto the defendant Boyd is a Corporation registered to do business in Pennsylvania at the offices of CT Corporate Systems in the office of Fox Rothchild, a law firm located at Suite 1210, 1515 Market Street, Philadelphia, PA 19102.


7. On or about January 6, 2007, defendant Corbo refused to voluntarily testify at a trial dealing with a prior and unrelated incident to this action in the United States District Court in Philadelphia. The defendant in the action being tried in January 2007 was Marine District Development Company LLC t/a Borgata. Corbo was an officer or employee of the Marine District Development Company LLC t/a Borgata and held himself out as or was titled as the Vice President and General Counsel of the Borgata.  In the prior action against Marine District Development Company LLC, although Corbo was an officer of Marine District Development Company LLC, he

refused to appear and testify voluntarily.

8. On January 6, 2007 Plaintiff George Blunt, a Pennsylvania State Constable, was dispatched to defendant Corbo's office located at the Borgata Casino, One Borgata Way, Atlantic City, New Jersey 08401 with a U.S. District Court Subpoena to serve on Corbo to compel his appearance in court. The said subpoena commanded Corbo's appearance at the aforesaid trial in the second week of January 2007.  Corbo knew and was informed beforehand he would be served with the aforesaid subpoena.

9.  On January 6, 2007, at approximately 12:30 p.m., Plaintiff Constable Blunt arrived at the Borgata in full uniform and presented his official credentials to the Borgata Security Station and requested information from Borgata security as to Corbo's whereabouts.

10.  Instead of a normal or decent response to the above, Plaintiff Constable Blunt was intimidated in word and gesture.  Plaintiff Constable George Blunt at the time was a thin, frail 76 year old man.

11. Plaintiff Constable Blunt, as per the instructions of the attorney in that

action and this action (who is one and the same), did not proceed to Corbo's house a short distance away but handed the subpoena to a Borgata employee at the security station proceeded to leave.

12.  As Plaintiff Constable Blunt attempted to egress, he was further intimidated, harassed and humiliated by Borgata employees.

13. When Plaintiff Constable Blunt finally arrived at his car he was prevented from leaving by Borgata security employees, who were ordered to position themselves at Blunt's car solely to prevent Blunt from being able to drive a away or egress from the premises.   Plaintiff Constable Blunt's liberty of movement was then and there deprived for a prolonged period of time.

14.  The Borgata employees told Plaintiff Constable Blunt that he was going nowhere.

15.  After Plaintiff Constable Blunt managed to evade the deprivation of his liberty as aforesaid, the Borgata employees contacted the Atlantic City Police and charged Blunt with a criminal violation of "Leaving the Scene

of an Accident".

16.   Plaintiff Constable Blunt, by his attorney, demanded from the Borgata, which had videotapes of all the aforesaid events, the location of the videotapes and to make same available. This request was denied. Borgata was then notified not to spoil, tamper or destroy the aforesaid tapes as they were necessary for the defense of the aforesaid criminal charge falsely and intentionally made against Plaintiff Constable Blunt and as evidence for the torts hereinafter delineated in the Counts hereinafter set forth.

17.   A demand to the Atlantic City Police was also made for the aforesaid videotapes. Thereafter the criminal charges falsely and intentionally made against Plaintiff Constable Blunt were dropped.

## COUNT I- NEGLIGENT SUPERVISION AND CONTROL OF CORPORATE OFFICERS, IN HOUSE COUNSEL AND OTHER EMPLOYEES BY THE DEFENDANTS BOYD AND MDDC

18.   Plaintiffs incorporate paragraphs one through seventeen as if set forth in full herein.

19.  Defendants Boyd and MDDC were careless and negligent in failing to exercise proper control over defendants Corbo and Frese.

20. Defendants Boyd and MDDC should have supervised and controlled their employees who knew or should have known not to imprison a Constable with a Federal subpoena and not to call the police to manufacture and institute a false and farcical criminal charge and to intentionally inflict emotional distress on the Plaintiff George Blunt.

21.  Defendant Frese wrote to plaintiff's attorney that the videotapes of the aforesaid incidents were not going to be shown to plaintiffs thereby preventing plaintiff's counsel to have the malicious charges dismissed in a timely fashion and to mitigate the profound mental impact of charging a Pennsylvania State Constable with a crime. Defendants Boyd and MDDC knew or should have known that defendants Corbo and Frese were acting in complicity by imprisoning and depriving Plaintiff Blunt of his liberty, intentionally inflicting emotional distress, and initiating a malicious prosecution of the plaintiff.

22. Defendant's MDDC and Boyd were negligent and careless in failing to supervise, manage, and control defendants Corbo and Frese and other employees of the security staff and in allowing to exist a community of employees who were incompetent, arrogant, and did not believe they were accountable to any law enforcement agency.

23. All of the above were the proximate cause of severe injuries and damages to the Plaintiffs the details of which are set forth more fully below.

## COUNT II - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY ALL DEFENDANTS

24. Plaintiffs incorporate paragraphs one through twenty three as if set forth in full herein.

25. Defendants acting as aforesaid and defendants Boyd and Frese in direct complicity intended both to do the act and to produce emotional distress on the plaintiff George Blunt. The actions were also in reckless disregard of a high degree of probability that emotional distress would occur to plaintiff

George Blunt.  The aforesaid false imprisonment and malicious prosecution were so extreme and outrageous in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

26. All of the above were the proximate cause of severe injuries and damages to the Plaintiffs the details of which are set forth more fully below.

## COUNT III  -  FALSE IMPRISONMENT BY ALL DEFENDANTS

27. Plaintiffs incorporate paragraphs one through twenty six as if set forth in full herein.

28. The actions of the defendants as detailed aforesaid restrained the plaintiff George Blunt's freedom of movement without legal authority or justification, and were against the will of plaintiff.

29. The actions of the defendant as aforesaid were done with the intention of causing a confinement and not merely a negligent confinement.

30.  All of the above were the proximate cause of severe injuries and damages to the Plaintiffs the details of which are set forth more fully below.

## COUNT IV-  MALICIOUS PROSECUTION BY ALL DEFENDANTS

31. Plaintiffs incorporate paragraphs one through thirty as if set forth in full herein.

32.  After plaintiff George Blunt left the premises as aforesaid defendants acting as aforesaid on January 6, 2007 contacted the Atlantic City Police and reported that Plaintiff George Blunt left a scene of an accident and did not immediately report the accident. This was and is identified in the Atlantic City Police department as case # 07-002266.

33. There was no accident. Plaintiff never left the scene of the accident on June 6, 2007.

34. The actions set forth above were deliberate and intentionally done by

the defendants with malice.

35. After plaintiff demanded the aforesaid the charges were terminated in favor of the plaintiff George Blunt. Defendants knew they were terminated in favor of the plaintiff George Blunt but never advised George Blunt.

36. All of the above were the proximate cause of severe injuries and damages to the Plaintiffs the details of which are set forth more fully below.

## COUNT V-PLAINTIFF GEORGE BLUNT V. ALL DEFENDANTS-DAMAGES

37. Plaintiffs incorporate paragraphs one through thirty six as if set forth in full herein.

38. Solely as a result of the tortious and unlawful acts of the all the defendants, and each of them, as aforesaid, the plaintiff has in the past and will in the future experience injuries to his nerves and nervous system with severe and painful physical manifestations of same, a complete mental

breakdown, mental anguish, severe emotional distress, pain and suffering, and loss of the enjoyment of life and life's pleasures.

39. Solely as a result of the tortious and unlawful acts of the all the defendants, and each of them, as aforesaid, the plaintiff has in the past and will in the future be prevented from attending to his usual and daily duties which has resulted in a loss of earnings and earning capacity.

40.   Solely as a result of the tortious and unlawful acts of the all the defendants, and each of them, as aforesaid, plaintiff has in the past and will in the future be obliged to expend large and divers sums of money on medicine and medical care in an effort to cure and treat himself of as aforesaid of illness and infirmities inflicted upon him.

## COUNT VI -  PLAINTIFF LORETTA BLUNT V. ALL DEFENDANTS-LOSS OF CONSORTIUM

41.  Plaintiffs incorporate paragraphs one through forty as if set forth in full herein.

42. Plaintiff Loretta Blunt is the wife of plaintiff George Blunt and has resided with her husband for forty years.

43. Solely as a result of the tortious and unlawful acts of the all the defendants, and each of them, as aforesaid, plaintiff Loretta Blunt has in the past and will in the future be deprived of the society, assistance, companionship and consortium of her husband plaintiff George Blunt to her great loss.

## COUNT VII - PUNITIVE DAMAGES

44. Plaintiffs incorporate paragraphs one through forty three as if set forth in full herein.

45. All of the tortious and unlawful acts detailed above, with the exception of negligent supervision, were caused by the defendants acting deliberately, intentionally, maliciously and with the intent to achieve emotional distress and trauma on the plaintiff George Blunt, as well as a reckless indifference to the harm caused to plaintiff George Blunt.

**WHEREFORE**,  Plaintiffs demand judgment against all the defendants, and each of them, for compensatory damages in an amount in excess of fifty thousand dollars each and punitive damages as the court deems fit and proper considering the vicious graven of the acts and financial worth of the defendants.

Date: _December 21, 2007_          _John M Hickey_
                                         John M. Hickey
                                         Attorney for Plaintiffs

## VERIFICATION

I, George Blunt, verify and state that the averments made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

The statements contained herein are made subject to the penalties of 18 PA. C.S. Section 4904 relating to unsworn falsification to authorities.

Date: _Dec 21- 2007_     _George Blunt_
                          George Blunt